UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROCKINGHAM CASUALTY COMPANY,　§<br>　§<br>　Plaintiff　§<br>　§<br>vs.　§<br>　§<br>RUBEN VALTIERRA D/B/A §<br>GONZALEZ CONSTRUCTION, §<br>PROCLAIM ROOFING, LLC, §<br>NATIONAL FIRE INSURANCE §<br>COMPANY OF HARTFORD, AS §<br>SUBROGEE OF SALAS PLUMBING, §<br>INC. and SALAS PLUMBING, INC. §<br>　§<br>　Defendants.　§ | Civil Action No. 3:23-cv-78 |

## **PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ROCKINGHAM CASUALTY COMPANY (hereinafter "Rockingham"), and files its Complaint for Declaratory Relief against RUBEN VALTIERRA D/B/A GONZALEZ CONSTRUCTION ("Valtierra"), PROCLAIM ROOFING, LLC ("Proclaim"), NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AS SUBROGEE OF SALAS PLUMBING, INC. and SALAS PLUMBING, INC. (collectively "Defendants"), and in support thereof, would respectfully show the court as follows:

## **NATURE OF THE SUIT**

1. This is a declaratory judgment action, based on diversity jurisdiction, whereby Plaintiff seeks a declaration of legal rights concerning coverage under a Commercial General Liability Insurance Policy. This action seeks to determine if there is coverage under Rockingham's policy issued to Valtierra arising out of a lawsuit brought by National Fire

Insurance Company of Hartford as Subrogee of Salas Plumbing, Inc. and Salas Plumbing, Inc. in connection with a construction project which Proclaim subcontracted Valtierra to install a roof at property owned by Salas Plumbing, Inc. Specifically, Rockingham seeks a judicial declaration that Rockingham has no duty to defend or indemnify Valtierra, as the named insured, or Proclaim, as an additional insured in the lawsuit styled *National Fire Insurance Company of Hartford as Subrogee of Salas Plumbing, Inc. and Salas Plumbing, Inc. v. Proclaim Roofing, LLC and Ruben Valtierra d/b/a Gonzalez Construction* under cause number DC-21-15307 in the 160th Judicial District Court in Dallas County, Texas ("Underlying Lawsuit").

## JURISDICTION AND SERVICE OF PROCESS

2.   This Court has jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. §1332, for civil actions between citizens of different states.

3.   Rockingham Casualty Company is an insurance company formed under the laws of the State of Virginia, with its principal place of business in the State of Virginia. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Rockingham is a citizen of the State of Virginia.

4.   Ruben Valtierra d/b/a Gonzalez Construction is an individual who resides in the State of Texas. Therefore, he is a citizen of the State of Texas. He may be served with process at 1827 Ridgecrest Drive, Terrell, Texas 75160.

5.   Proclaim Roofing, LLC is a limited liability corporation formed under the laws of the State of Texas, with its principal place of business in the State of Texas. Therefore, it is a citizen of the State of Texas. Proclaim may be served with process by serving its registered agent, James S. Hunnicutt, at 17330 Preston Road, Suite 100A, Dallas, Texas 75252.

6.   National Fire Insurance Company of Hartford is an insurance company formed under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

National Fire Insurance Company of Hartford may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Salas Plumbing, Inc. is a for profit company formed under the laws of the State of Texas, with its principal place of business in the State of Texas. Therefore, it is a citizen of the State of Texas. Salas Plumbing, Inc. may be served with process by serving its registered agent, Christopher L. Salas, at 8574 Sweetwood Drive, Dallas, Texas 75228.

8. The amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. Rockingham seeks a declaration regarding the duty to defend and/or indemnify Valtierra and Proclaim in the Underlying Lawsuit filed by National Fire Insurance Company of Hartford and Salas Plumbing, Inc. ("Plaintiffs"). In the petition in the Underlying Lawsuit, the Plaintiffs seek monetary relief over $250,000.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. §1391(a)(1) because at least one defendant resides within this District and within this Division.

## FACTUAL ALLEGATIONS

10. This action arises out of a present controversy between Rockingham and Valtierra and Proclaim regarding the duties of Rockingham to defend or indemnify Valtierra and Proclaim in the Underlying Lawsuit.

11. The Underlying Lawsuit alleges Proclaim was the general contractor on a roofing project for Salas Plumbing, Inc. Proclaim subcontracted the job duties to Valtierra.

12. The Underlying Lawsuit further alleges that construction began on June 17, 2020. On June 19, 2020, a rainstorm occurred in the area and caused rainwater to enter openings in the

roof still under construction and caused water damage to the interior of the building, as well as office equipment, office furniture, electronics, and materials owned by Salas Plumbing, Inc.

13. On information and belief, at the time of the rainstorm, part of the roof had been removed and replaced, and part of the old roof remained, leaving a gap between the old and new parts of the roof which exposed the underlying materials and interior of the structure to rain.

14. National Fire Insurance Company of Hartford and Salas Plumbing, Inc. have sued Valtierra and Proclaim for the damages caused by the rainstorm. The Underlying Lawsuit asserts causes of action for negligence, negligent supervision, and breach of contract.

15. Rockingham insured Ruben Valtierra d/b/a Gonzalez Construction under Policy No. RTXA215954-00 with a policy period from April 27, 2020 to April 27, 2021.

16. The Policy contains Commercial General Liability Coverage form CG 00 01 04 13. The insuring agreement in this form reads in pertinent part as follows:

> **SECTION I – COVERAGES - COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
>
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking "damages" to which insurance applies. However, we will have no duty to defend any insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
>    (1) The amount we will pay for "damages" is limited as described in Section III – Limits of Insurance; and
>    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

  b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage is caused by an "occurrence" that takes place in the "coverage territory";
   (2) The "bodily injury" or "property damage" occurs during the policy period; and
   (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" know, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
  c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee: authorized by you to give or receive notice of an "occurrence" or claim includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.
  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or received notice of an "occurrence" or claim:
   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
  e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * *

17. The Policy contains the endorsement form AG 19 66 12 19 Exclusion – Open Roof, which reads in pertinent part as follows:

**EXCLUSION – OPEN ROOFS**

The Following Exclusion is added to **SECTION 1 – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

    **2.**    **Exclusions**

This insurance does not apply to:

**Open Roofs**

Any claim for "property damage" arising out of an "open roof".

For the purposes of this insurance, "open roof" means any roof or section of a roof where the permanent external protective covering has been removed leaving the underlying materials, structure, shell or interior of structure exposed to rain, snow, hail, sleet, dust, sand or any combination of these.

We have no duty to investigate, adjust or defend, or to pay any investigation, adjustment or defense costs, including attorney's fees, with respect to, a claim or "suit" seeking damages for such injury or damage.

This exclusion applies to any operations that occur:
1. Prior to the inception of this policy; or
2. During this policy term; or
3. Prior to the inception of this policy and continue during the policy term.
4. Without regard to allegations or basis of the insured's liability.

*   *   *

18.    The Underlying Lawsuit alleges that the damages arise out of, are contributed to, or are in some way related, in whole or in part, to Valtierra's ineffective or insufficient covering of the roof prior to the rainstorm occurring.

19.    The evidence developed in the Underlying Lawsuit shows that the removal of part of the old roof left a gap between the new portion of the roof and the old roof exposing the

6

underlying materials and interior of the structure to rain. There is no coverage under the Policy for such damages. Therefore, Rockingham has no duty to defend or indemnify Valtierra.

20. Rockingham is currently defending Valtierra in the Underlying Lawsuit under a full and complete reservation of rights.

21. In addition, Proclaim, through its insurer, has sought a defense and indemnity from Rockingham as an additional insured under the Policy issued to Valtierra. Rockingham has denied that claim.

22. On information and belief, although the subcontract between Proclaim and Valtierra is dated January 14, 2020, it was not executed by Valtierra until after the work began and storm damage had occurred.

23. The Policy contains the endorsement form CG 20 10 04 13 Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization which reads in pertinent part as follows:

Commercial General Liability Coverage Part

SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
|  |  |
| See Terms and Conditions of Coverage on page 1 of this endorsement | All |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or personal and advertising injury" caused, in whole or in part, by:

  1. Your acts or omissions; or

  2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insured afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to **Section III-Limits Of Insurance**:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable Limits of Insurance shown in Declarations;

    whichever is less.

24. The Policy contains another additional insured endorsement form CG 19 60 05 15 Additional Insured – Owners, Lessees, or Contractors – Automatic Status When Required in Construction Agreement with You to Include Waiver of Subrogation Provision and Primary and

Noncontributory Provision, which reads in pertinent part as follows:

Commercial General Liability Coverage Part

**A. Additional Insured Status – Ongoing Operations**

1. **"Section II-Who Is An Insured"** is amended to provide automatic coverage as an Additional Insured in conformity with the terms and conditions of the CG 20 10 04 13 endorsement, a copy of which is attached hereto and incorporated by reference. Automatic Additional Insured coverage provided by this endorsement only applies to the extent permitted by law; and if coverage provided to the additional insured is required by and agreed in writing in a contract or agreement, the insurance afforded such additional insured will not be broader than that which you are required by the contract or agreement, only if such contract agreement is executed by each party prior to the start of your work to provide for such additional insured.

\*   \*   \*

25. Because the subcontract was not executed by Valtierra until after the work began and the damage had occurred, the policy requirements for additional insured coverage for Proclaim have not been satisfied. Therefore, Proclaim is not an additional insured in connection with the Underlying Lawsuit.

26. Rockingham has no duty to defend or indemnify Proclaim because it does not qualify as an additional insured and because the Open Roofs exclusion applies.

## CLAIM FOR DECLARATORY RELIEF

27. A dispute has arisen between Rockingham, on the one hand, and Valtierra and Proclaim on the other, with respect to whether the claims against them in the Underlying Lawsuit come within coverage of the Policy issued by Rockingham.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, Rockingham hereby requests that this Court declare the rights and obligations of the parties with respect to such Policy and the Underlying Lawsuit. Specifically, Rockingham seeks a declaration

that it owes no duty to defend Valtierra and Proclaim and no duty to indemnify them from the claims in the Underlying Lawsuit.

29. National Fire Insurance Company of Hartford as Subrogee of Salas Plumbing, Inc. and Salas Plumbing, Inc., as claimants in the Underlying Lawsuit, potentially have interest in the subject matter of this claim for declaratory relief. Such claimants should be joined as parties who may have an interest in the declaration. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).

## CONDITIONS PRECEDENT

30. All conditions precedent to Rockingham securing such declaratory relief have been performed or have occurred.

## PRAYER FOR RELIEF

31. Rockingham hereby prays that this Court declare the rights and liability of the parties to this case, and specifically prays that this Court declare that Rockingham owes no duty to defend or indemnify Valtierra and Proclaim from the claims in the Underlying Lawsuit, and for such other and further relief to which Rockingham shows itself justly entitled.

Respectfully submitted,

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Tel
(713) 951-9920 - Fax

By: /s/ *Tracy Jackson Cowart*
       Tracy Jackson Cowart
       Attorney-In-Charge
       State Bar No. 00789398
       Federal Bar No. 1759

ATTORNEY FOR PLAINTIFF
ROCKINGHAM CASUALTY COMPANY